POWELL, Respondent, v. KEISER LAND CO., Appellant.

(135 N. W. 719.)

**Brokers—Evidence as to Contract for Commissions.**

Where the evidence showed that a person claimed by plaintiff to have been sent by him to defendants to purchase land, was agent of defendants for the sale of lands prior to the time when plaintiff became such agent, and such prior agent testified, on behalf of plaintiff, that at the time he himself purchased the land in question he was asked whether he' had been sent there by any one to purchase land, and that he told defendants he had not; and one of defendant partners testified that defendants never were informed or notified in any manner by plaintiff that he had sent the person who was such prior agent, to them to purchase land; **held,** the evidence was insufficient to show that such purchaser was procured, or caused to be sent by plaintiff to defendants to purchase said land.

(Opinion filed, April 2, 1912.   Rehearing denied, June 29, 1912.)

Appeal from Circuit Court, Hyde County.   Hon. LYMAN T. BOUCHER, Judge.

Action by H. E. Powell against Keiser Land Company.   From a judgment for plaintiff, and an order denying a new trial, defendants appeal.   Reversed, and new trial granted.

*Gaffy, Stephens & Fuller,* for Appellants.

The evidence was insufficient to justify a verdict for plaintiff or the submission of the case to the jury.

(1) There is no evidence to show that plaintiff brought or sent a purchaser to the defendant to purchase land from the defendants; and

(2) There is no evidence to show that any notice was given the defendants of the plaintiff's claim for commission or knowledge of such claim upon the part of defendants prior to the making of sale.  (See defendants' Spec. of Par., record page 42).

*Corrigan & Darling,* for Respondents.

As to notice that the purchaser was sent by plaintiff. This question has been passed upon directly in a number of cases. Hambleton v. Fort, (Nebr.) 78 N. W. 498.

A broker is none the less entitled to commission for selling land because he was not present when the vendor and purchaser made the contract, or because the vendor did not know at the time that he had effected the sale.  Bickart v. Hoffmann, 19 N. Y. Supp. 472; See, also, McKnight v. Thayer, 21 N. Y. Supp. 440; Levy v. Coogan, 9 N. Y. Supp, 934.

Where a real estate broker authorized to sell land is the procuring cause of the sale made by the owner, who retained the right to sell on his own account, the broker is entitled to his commission, though the owner was ignorant at the time of the sale, that the broker was the procuring cause, and though the sale was made on different terms from those upon which the broker was authorized to sell.  Bryan v. Abert, 3 App. D. C. 180; Earp v. Cummins, 54 Penn. 394, 93 Am. Dec. 718, 719; Anderson v. Cox, 20 N. W. 10.

The question of notice was thoroughly covered by the Supreme Court of New York in the cases of Lloyd v. Matthews, 51 N. Y. 130, and Sussdorff v. Schmidt, 55 N. Y. 319; Henderson v. Collins, (Iowa) 28 N. W. 431.

It is held that if the broker puts up maps, signs, notices, or distributes or otherwise advertises the property, by means of which a person is induced to open negotiations with the owner *or principal* which result in his buying the property, the sale may be said to have been effected through the broker's instrumentality.  Gleason v. Nelson, 162 Mass. 245; Bell v. Kaiser, 50 Mo. 150; Stewart v. Mather, 32 Wis. 344; Clifford v. Meyer, (Ind.) 34 N. E. 23, 25.

The proposition has been decided in this state by Scott v. Clark, 3 S. D. 486, 54 N. W. 538.  We cite:  Hafner v. Herron,

(Ill.) 46 N. E. 211; Kelly v. Stone, (Ia.) 62 N. W. 842; Lincoln v. McClatchie, 36 Conn, 136; Ratts v. Shepherd, (Kans.) 14 Pac. 496; Ellsmore v. Gamble, (Mich.) 29 N. W. 97.

"It is a well established rule in this as well as in other states, that where a broker is employed to sell real estate, it is not necessary that the whole contract should be completed alone by him in order to entitle him to his commission; but that, if through his instrumentality the purchaser and owner are brought in contact, and a sale is made through the instrumentality of the agent, he is entitled to his compensation, *and this without reference to whether the owner, at the time the sale was perfected, had knowledge of the fact that he was making the sale through such instrumentality.* Hartley v. Door, 15 Nebr. 451, 19 N. W. 632; Anderson v. Cox, 16 Nebr. 10, 20 N. W. 10; Potvin v. Curran, 13 Nebr. 302, 14 N. W. 400; Lloyd v. Matthews, 51 N. Y. 130.

McCOY, P. J. In this case plaintiff, who resides at Flandreau, S. D., claims that on about the 22d day of June, 1910, he entered into a contract with defendants, who resided at Highmore, S. D., whereby defendants agreed to pay to plaintiff a commission of $1 per acre on all lands sold by defendants to customers brought or sent to defendants by plaintiff; that in pursuance and by virtue of said contract plaintiff sent one Thomas to defendants to purchase lands, and that said Thomas purchased from defendants, as a customer of plaintiff, 240 acres of land, and defendants by virtue thereof became indebted to plaintiff in the sum of $240, no part of which has been paid. Defendants answered, admitting the contract with plaintiff, and that defendants sold 240 acres of land to Thomas, but deny that Thomas was sent to defendants as a customer of plaintiff, that said Thomas was an agent of defendants, the same as plaintiff, and that defendants sold said land to Thomas, as their agent, on their own account, and not on account of plaintiff. On the trial, verdict and judgment were in favor of plaintiff. Defendants then moved for new trial, on the grounds, among others, of the insufficiency of the evidence to justify the verdict, which being overruled, defendants excepted, and now urge as error the overruling of said motion.

Defendants allege the insufficiency of the evidence to show that plaintiff brought or sent a purchaser to defendants to purchase lands. It appears from the record that Thomas, whom plaintiff claims he sent to defendants to purchase lands, resides at Flandreau; that plaintiff saw Thomas on the 26th day of June, 1909, and had a conversation with him in relation to lands for sale in Hyde county, at which time plaintiff informed Thomas that he (plaintiff) had a contract with defendants; that Thomas said that he wanted to go to Highmore, and desired to know where defendants were located; that plaintiff talked to him about the good quality of the land, and Thomas said he would go with plaintiff later on; that plaintiff gave Thomas some of the defendants' advertising literature; that plaintiff again saw Thomas just before July 16th, and informed him that he (plaintiff) was going to Highmore on July 16th, and Thomas said he could not get away then. This appears to be all the transaction between plaintiff and Thomas.

Defendant King testified that he was acquainted with Thomas, and early in the spring of 1909 sent him a list and prices of lands for sale by defendants. A letter from Thomas, addressed to defendants at Highmore, dated June 14, 1909, and a letter from defendants to Thomas, dated June 16, 1909, constitute a contract whereby defendants agreed to pay Thomas $1 per acre on land sold to customers brought or sent to defendants by Thomas, thereby clearly showing that Thomas was agent of defendants prior to the time plaintiff became such agent, and also prior to the time plaintiff had his said conversation with Thomas. About July 20, 1909, Thomas went to Highmore and purchased 240 acres of land from defendants. A letter of Thomas, placed in evidence by plaintiff, states that he was informed by defendants, at the time he purchased said lands, that the price was made $1 per acre less on account of his acting as agent for defendants. Thomas, in his deposition offered in evidence by plaintiff, testified that at the time he purchased said land he was asked whether he had been sent there by any one to purchase land, and that he told defendants he had not. Defendant King testified that defendants had

never in any manner been informed or notified by plaintiff that plaintiff had sent Thomas to them to purchase land.

This is substantially the whole of the evidence bearing on the question of the Thomas purchase of said land the connection of plaintiff therewith, and is undisputed. We are of the opinion that the evidence is clearly insufficient to justify the verdict and judgment for plaintiff. The testimony wholly fails to show that plaintiff procured or caused Thomas to go to Highmore and purchase said lands. Defendants' motion for new trial should have been granted.

The judgment and order appealed from are reversed, and defendants granted a new trial, and the cause remanded.